UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EMILIO CASTRO,<br><br>    Petitioner,<br><br>v.<br><br>LUIS SPENCER,<br><br>    Respondent. | Civil Action No. 04-10285-PBS |

## ANSWER

Pursuant to Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts, the respondent hereby answers the petition for writ of habeas corpus of the petitioner Emilio Castro.

1. Admitted.

2. Admitted.

3. Admitted. Further answering, the respondent states that the petitioner was sentenced to a life term of incarceration at the Massachusetts Correctional Institution – Cedar Junction for first degree murder; a concurrent state prison term of a minimum of twelve years and a maximum of fifteen years for armed assault with intent to murder; and another concurrent state prison term of a minimum of two years and a maximum of three years for unlawful possession of a firearm. The judge filed the unlawful possession of ammunition conviction with the petitioner's consent.

4. Admitted.

5. Admitted.

6. Admitted.

7. Admitted.

8. Admitted.

9(a)-(d). Admitted.

9(e)-(f). Left blank by the petitioner.

10. Admitted. Further answering, the respondent states that the petitioner filed a motion for new trial pursuant to Mass. R. Crim. P. 30 (a), 30(b), and 30(c)(1)(2)(3)(4) and (7), 378 Mass. 901 (1979) in Suffolk Superior Court on February 17, 2004. The grounds raised in the motion for new trial include: (1) new evidence demonstrates that petitioner is actually innocent; (2) new evidence demonstrates that the petitioner's rights to due process of law and to a fair trial were violated; (3) new evidence demonstrates that certain trial testimony may have been coerced; and (4) the petitioner was denied effective assistance of counsel in violation of Article 6 [sic] of the United States Constitution. No action has been taken on the motion for a new trial as of March 17, 2004.

11. Left blank by the petitioner. Further answering, the respondent incorporates the answer in Paragraph 10.

12A. (Ground one). The respondent denies each and every allegation of fact contained in paragraph 12A of the petition for writ of habeas corpus. Answering further, the respondent states paragraph 12A contains conclusions of law that require no response. Further answering, the respondent states that the petitioner has failed to state a claim upon which relief can be granted.

12B.  (Ground two). The respondent denies each and every allegation of fact contained in paragraph 12B of the petition for writ of habeas corpus. Answering further, the respondent states paragraph 12B contains conclusions of law that require no response. Further answering, the respondent states that the petitioner has failed to state a claim upon which relief can be granted.

12C.  (Ground three). The respondent denies each and every allegation of fact contained in paragraph 12C of the petition for writ of habeas corpus. Answering further, the respondent states paragraph 12C contains conclusions of law that require no response. Further answering, the respondent states that the petitioner has failed to state a claim upon which relief can be granted.

12D.  (Ground four). The respondent denies each and every allegation of fact contained in paragraph 12D of the petition for writ of habeas corpus. Answering further, the respondent states paragraph 12D contains conclusions of law that require no response. Further answering, the respondent states that the petitioner has failed to state a claim upon which relief can be granted.

13.  Left blank by petitioner.

14.  Left blank by petitioner. Further answering, the respondent states that the petitioner filed a motion for new trial in Suffolk Superior Court on February 17, 2004.

15.  Admitted.

16.  Admitted.

17. The respondent states that he lacks knowledge or information to form a belief as to the truth of the allegations contained in paragraph 17 and calls upon the petitioner to prove same.

Pursuant to Rule 5, Respondent's Supplemental Materials are filed herewith, containing the following documents:

1. Docket entries, *Commonwealth v. Castro*, SUCR1997-10266.

2. Defendant-Appellant's Brief and Record Appendix on Appeal, *Commonwealth v. Castro*, SJC No. 08624.

3. Defendant-Appellant's *Pro se* Supplemental Brief on Appeal, *Commonwealth v. Castro*, SJC No. 08624.

4. Defendant-Appellant's *Pro se* Supplemental Record Appendix on Appeal, *Commonwealth v. Castro*, SJC No. 08624.

5. Commonwealth's Brief on Appeal, *Commonwealth v. Castro*, SJC No. 08624.

6. *Commonwealth v. Castro*, 438 Mass. 160, 778 N. E.2d 900 (2002).

7. Defendant's Motion for a New Trial, *Commonwealth v. Castro*, SUCR1997-10266.

The trial transcripts are also enclosed.

### First Defense

The petition should be denied because it fails to state a claim upon which relief can be granted.

### Second Defense

The petition should be denied because the decision of the state court was not contrary to, or involve an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States. *See* 28 U.S.C. § 2254(d)(1).

### Third Defense

The petition should be denied because the decision of the state court was not based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings, and the petitioner cannot rebut the presumption of the correctness of those facts by clear and convincing evidence. *See* 28 U.S.C. §§ 2254(d)(2), (e)(1).

Respondent respectfully reserves the right to amend or supplement this Answer in the future should that need arise.

Respectfully submitted,

THOMAS F. REILLY
Attorney General

Eva M. Badway
Assistant Attorney General
Criminal Bureau
One Ashburton Place
Boston, Massachusetts 02108
(617) 727-2200, ext. 2824
BBO # 635431

Dated: March 19, 2004

### Certificate of Service

I hereby certify that, on March 19, 2004, I caused to be served a true and correct copy of the foregoing <u>Answer</u> by mailing a copy of the same by first class mail, postage prepaid, and addressed as follows: Mr. Brian J. Kelly, *Esq.*, P.O. Box 850468, Braintree, Massachusetts 02185-0468.

Eva M. Badway