# United States District Court
# District of Massachusetts

EMILIO CASTRO,
    Petitioner,

v.                              CIVIL ACTION NO. 2004-10285-PBS

LUIS SPENCER,
    Superintendent,
        Respondent.

*REPORT AND RECOMMENDATION ON PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS BY A <u>PERSON IN STATE CUSTODY (#1)</u>*

COLLINGS, U.S.M.J.

Presently before the Court is petitioner Emilio Castro's ("Castro") Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody. (#1) He was found guilty in Suffolk Superior Court after a jury trial of, *inter alia,* first degree murder on one Luis Battista and armed assault with intent to murder one Shirley Suarez. The evidence at trial is exhaustively summarized in the Supreme Judicial Court's opinion, *Commonwealth v. Castro,* 438 Mass. 160, 778 N.E.2d 900 (2002) and need not be repeated here. Suffice it to say that it was alleged that Castro fired shots through the living room window of Suarez' residence around 3:00 A.M. on October 9, 1996. *Castro,* 438 Mass. at 162-63, 778 N.E.2d at 904-05. Just before the shots were fired, Suarez had heard knocking on the windows on two occasions. On the second occasion,

> [s]he looked through the blinds and saw the defendant outside on the other side of the window; she saw only his face. Suarez was able clearly to see the defendant because the lights inside her apartment had been turned off and because it was well lit outside. Suarez did not see anyone else. She intended to lift the entire blind to speak to the defendant, but then felt a bullet hit her chest.

*Castro,* 438 Mass. at 163, 778 N.E.2d at 904-05.

Suarez identified Castro at trial as the man she saw on the other side of the window just before the shots were fired. *Id.* at 169-70, 778 N.E.2d at 908-09. However, before her testimony, Suarez had seen Castro "shackled and manacled, in a court house hallway." *Id.* at 170, 778 N.E.2d at 909 (footnote omitted). The question then became whether Suarez's later in-court identification had been tainted by seeing Castro in the hallway. The Superior Court Justice conducted a *voir dire* hearing after which he made findings which the Supreme Judicial Court recited as follows:

> The judge found that Suarez had seen the defendant's profile for, at most, a few seconds from a distance of about ninety feet, and that the encounter 'was absolutely and clearly an accidental, nonintentional event.' He further found, relying on, and crediting, Suarez's testimony at her voir dire, that Suarez had 'an ample basis for identifying the defendant.' The judge explained, '[Suarez] had seen the defendant [fifteen or sixteen times] before October of 1996. She described the occasions on which she spoke with the defendant, rode in a car with him. He was back to her apartment for a period of time, all before the shooting but within a week of the shooting.'

*Castro,* 438 Mass. at 171, 778 N.E.2d at 910.

The Supreme Judicial court ruled, that even if Suarez had witnessed

> ...an unduly suggestive pretrial confrontation, the record amply supports the judge's conclusion that the

> Commonwealth had satisfied its burden of demonstrating by clear and convincing evidence that Suarez's in-court identification had an independent source.

*Castro,* 438 Mass. at 171, 778 N.E.2d at 910 (citations omitted).

Castro's fourth ground for seeking issuance of the writ of habeas corpus reads as follows: "Conviction obtained via an in-court identification of the defendant, which had been tainted by improper pre-identification encounter between the defendant and the identifying witness in violation of due process clause of the 6th [sic] and 14th amendments." #1 at p. 6. Unfortunately for Castro, the factual findings made by the state court doom his chances of obtaining a writ of habeas corpus on the basis which he asserts. The reason is that on the facts as found by the state court, there was no violation.

Further, in a Section 2254 proceeding, a federal court must "presume" the findings of the state court "to be correct" and the petitioner has "...the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). Castro has not even come close to rebutting these findings.

The same doctrine renders the other issue raised in Castro's petition without merit. Actually, the issue is divided into three grounds, i.e., grounds

one, two and three, but they boil down to one issue - that the prosecution failed to turn over alleged exculpatory evidence in the form of a witness statement until the time so close to trial that the defense could not use it and therefore deprived Castro of his due process rights. The witness, who lived in the neighborhood, had, according to a police report, heard the shots on the night in question and made observations of activity out on the street both before and after the shots were fired. *Castro,* 438 Mass. at 166, 778 N.E.2d at 906-07.

The issue arose in both the direct appeal of Castro's conviction and the litigation anent his motion for a new trial. At time of trial, the witness was only identified as "Tina" whom defense counsel was unable to locate. *Castro,* 438 Mass. at 167, 778 N.E.2d at 907. Castro's trial counsel asked for a "...dismissal of the charges against the defendant or a continuance." *Id.* The trial judge refused to grant either a dismissal or a continuance. *Id.* The Supreme Judicial Court found no error. *Id.* at 169, 778 N.E.2d at 909.

In deciding whether Castro is entitled to the issuance of the writ of habeas corpus, the correctness of the Supreme Judicial Court's decision on this issue need not be discussed. The reason is that after the Supreme Judicial Court's decision, Castro was granted an evidentiary hearing on the issue, "Tina" having

been located and interviewed in the meantime. After the evidentiary hearing, the trial judge made findings of fact, denied the motion for a new trial, and the Single Justice of the Supreme Judicial Court denied leave to appeal the denial.[1]

Castro's lawyers had argued that the witness had observed a person or persons running toward a car after the shots were fired and the person was not Castro. #14, Tab 14 at p. 2. However, the trial judge found from her testimony at the hearing on the motion for a new trial that her observations were made "ten to twenty minutes" after the shots were fired. *Id.* The trial judge relied heavily on her testimony that "...she fed her baby with a bottle after she heard the shots and before she saw the man." #14, Tab 14 at p. 4.

As stated, this finding by the trial judge must be "presume[d]" "to be correct" and Castro has "...the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). There is a complete dearth of any such rebuttal evidence in the record before the Court.

---

[1] The trial judge's opinion is found in document #14 at Tab 14 and the opinion of the Single Justice is found in document #14 at Tab 20.

For all these reasons, the Court rules that Castro has not sustained his burden of showing an entitlement to the writ. Accordingly, I RECOMMEND that final judgment enter DISMISSING Castro's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus.

The parties are hereby advised that pursuant to Rule 72, Fed. R. Civ. P., any party who objects to this recommendation must file a specific written objection thereto with the Clerk of this Court within 14 days of the party's receipt of this Report and Recommendation. The written objections must specifically identify the portion of the recommendation, or report to which objection is made and the basis for such objections. The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Rule 72(b), Fed. R. Civ. P., shall preclude further appellate review. *See Keating v. Secretary of Health and Human Services*, 848 F.2d 271 (1 Cir., 1988); *United States v. Emiliano Valencia-Copete*, 792 F.2d 4 (1 Cir., 1986); *Scott v. Schweiker,* 702 F.2d 13, 14 (1 Cir., 1983); *United States v. Vega,* 678 F.2d 376, 378-379 (1 Cir., 1982); *Park Motor Mart, Inc. v. Ford Motor Co.,* 616 F.2d 603 (1 Cir., 1980); *see also Thomas v. Arn,* 474 U.S. 140 (1985).

/s/ Robert B. Collings
ROBERT B. COLLINGS
United States Magistrate Judge

April 11, 2012.